# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BRYON MEEKS,

           Plaintiff,

v.                                             CIVIL ACTION NO. 2:20-cv-00583

BOBBY MCCLUNG, et al.,

           Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Proposed Findings of Fact and Recommendation ("PF&R") submitted by Magistrate Judge Dwane Tinsley in this matter on May 3, 2021. (ECF No. 16.) Additionally pending before the Court are Plaintiff Byron Meeks's ("Plaintiff") Complaint, (ECF No. 1), and Objection to the PF&R, (ECF No. 17). For the reasons more fully explained herein, the Court **ADOPTS** the PF&R and **OVERRULES** Plaintiff's objections. Because Plaintiff is *pro se*, this matter is referred to Magistrate Judge Tinsley for further disposition.

### I. BACKGROUND

A detailed recitation of the factual allegations of this action are set forth in the PF&R and thus need not be repeated here. Briefly, Plaintiff has asserted claims against the Defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983 and has alleged violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, as well as violations of West Virginia state laws. (ECF No. 1 at 2–4, 6.)

Plaintiff filed his complaint, *pro se*, in this Court on September 8, 2020. (ECF No. 1.) By Standing Order entered in this action on September 9, the matter was referred to Magistrate Judge Tinsley for the submission of proposed findings of fact and a recommendation for disposition. (ECF No. 3.) On October 5, 2020, Defendants Matthew Eichhorn, Bobby McClung, Derran Winans,[1] and Mike Winters filed their Motion to Dismiss. (ECF No. 6.) Plaintiff responded in opposition on November 2, 2020. (ECF No. 14.) Defendants filed their reply on November 16. (ECF No. 15.)

Magistrate Judge Tinsley submitted his PF&R on May 3, 2021. (ECF No. 16.) Magistrate Judge Tinsley recommends denying the Defendants' motion to dismiss as to Plaintiff's Fourth Amendment claims against the Defendants in their individual capacities and otherwise granting the motion as to all other claims. (*See generally id.*) Plaintiff timely filed his objections in this Court on May 12, 2021. (ECF No. 17.)

## II. LEGAL STANDARD

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's

---

[1] Derran Winans is identified as "Darren Wimans" in the Complaint. (ECF No. 1.) Defendants have provided the correct spelling in their briefing, and thus the Court shall identify him as such. (*See* ECF No. 6.)

right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).rt is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III. DISCUSSION

While Plaintiff has timely filed his objections to the PF&R, his objections do not address any of the facts or analysis of the PF&R. Instead, Plaintiff has asserted vague and rather unclear allegations of an "Abuse of Process" and "Malice" against the Defendants, alleging that they have "tried to use the proceedings against the Courts and the Plaintiff to try and Harass and Steer the courts." (ECF No. 17 at 1–2.)[2] Plaintiff asserts that the Circuit Court of Wood County "went

---

[2] Presumably, Plaintiff is referring to the Circuit Court of Wood County, West Virginia, where the City of Parkersburg petitioned the Circuit Court for injunctive relief against Plaintiff for violations of a city ordinance in conjunction with Plaintiff's operation of an auto repair business. (*See* ECF Nos. 15–1; 17 at 6–41.) The Circuit Court granted the injunction on May 3, 2021, after a hearing in which the Circuit Court received evidence and witness testimony. (ECF

above and beyond the Law Allowing the injunction when it is being placed over a state and local ordinance that does not even adhere to the Plaintiffs [sic] rights and against the 4th [sic] amendment in official capacity and individual capacity." (*Id.* at 2.) Plaintiff apparently believes the injunction to be a "malicious attempt against the Plaintiff and his business" which is intended to do "irreparable harm[.]" (*Id.* at 3.) Plaintiff asks this Court to issue a "Stay against the rulings the Circuit Court has placed," and he further indicates that he has "filled [sic] and [sic] appeal with supreme court [sic]." (*Id.* at 3.) Plaintiff argues that this "abuse of process" should be "clear[]" to this Court, as the PF&R has "already . . . established a violation of the Plaintiffs [sic] 4th [sic] amendment" rights.[3] (*Id.* at 4–5.)

Plaintiff has not specifically addressed any portion of the PF&R, even when liberally construed, with which he disagrees. Therefore, the Court declines to engage in a *de novo* review of the factual findings or legal conclusions contained within the PF&R and thus the Court **ADOPTS** the PF&R in its entirety.

However, the Court believes it necessary to briefly explain why it will not entertain Plaintiff's objections. Plaintiff's request for a stay in the state circuit court implicates the Anti-Injunction Act, which establishes the following:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

---

No. 17 at 33.)

[3] As a point of clarification for Plaintiff, Magistrate Judge Tinsley has <u>not</u> found or recommended this Court to find that Plaintiff in fact has established that Defendants violated the Fourth Amendment. Instead, the PF&R recommends finding that Plaintiff has merely pled sufficient allegations, meaning only that the case may proceed on that claim. The burden is still on Plaintiff to ***prove*** these violations.

28 U.S.C. § 2283. The Anti–Injunction Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Denny's Inc. v. Cake,* 364 F.3d 521, 528–29 (4th Cir.2004) (quoting *Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 630 (1977) (plurality opinion)). As described by the statute above, the only exceptions to this prohibition are where an injunction is "(1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments." *Id.* at 529 (citing *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146 (1988); *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 287–88 (1970)). "Courts are not to enlarge these exceptions by loose statutory construction . . . . Instead, any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* at 530 (internal citations and quotation marks omitted). "Moreover, an injunction against execution or any other proceeding to enforce a state judgment is forbidden as well as one against the prosecution of state litigation to obtain a judgment." *Jos. L. Muscarelle, Inc. v. Central Iron Mfg. Co.*, 328 F.2d 791, 793 (3d Cir. 1964) (citing *Hill v. Martin*, 296 U.S. 393, 403 (1935)).

Plaintiff has essentially asked the Court to issue an injunction against the enforcement of a state court order. The Court will not do so. Plaintiff's objections are therefore **OVERRULED**.

IV. *CONCLUSION*

As more fully explained above, the Court **ADOPTS** the PF&R, (ECF No. 16), and **OVERRULES** Plaintiff's objections, (ECF No. 17.) The Court **DENIES IN PART** Defendants' Motion to Dismiss, (ECF No. 5), as to Plaintiff's claims for violations of the Fourth Amendment

5

against the individual Defendants, and **GRANTS IN PART** the motion, (ECF No. 5), as to the remaining claims. This matter is hereby **REASSIGNED** and **REFERRED** to Magistrate Judge Tinsley for further disposition.

    **IT IS SO ORDERED**.

    The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:     July 16, 2021

THOMAS E. JOHNSTON, CHIEF JUDGE