IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BYRON MEEKS,

           Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00583

BOBBY McCLUNG, et al.,

           Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Before this Court is the "Motion for Emergency/Expidited [sic] Relief Manditory [sic] Injunction" filed by Plaintiff Byron Meeks ("Plaintiff"). (ECF No. 18.) For the reasons explained more fully herein, it is respectfully **RECOMMENDED** that the motion be **DENIED**.

                                           I.     BACKGROUND

This action stems from a years-long, still-ongoing dispute between Plaintiff and various officials employed by the City of Parkersburg, West Virginia (the "City") about parking for Plaintiff's vehicle repair shop. In fact, this is the second time in as many years that the dispute has been before this Court; on April 23, 2020, this Court dismissed a prior lawsuit Plaintiff filed against some of the same city officials he has named as defendants in this case wherein Plaintiff alleged that the officials harassed him and seized his customers' vehicles from his business. *Meeks v. Martin, et al.*, Civil Action No. 2:19-

cv-00846.  The instant case was filed just months afterward, on September 8, 2020. (ECF No. 1.)

Plaintiff's remaining claims in this action assert Fourth Amendment violations based on the defendants' alleged warrantless searches of his vehicle repair shop's parking area on August 6 and 10, 2020, and Plaintiff's allegedly warrantless arrest on August 10, 2020.  (ECF Nos. 16, 21.)  Notably, none of the remaining claims involve the seizure of any vehicles from the parking area on those dates or at any other time.

But the motion for injunctive relief represents that on June 9, 2021, the defendants "and their Co-Conspirators arbitrarily confiscated" a number of vehicles from the parking area and requests injunctive relief requiring a nonparty towing company to "Return the Customers['] Personal Property Along with the Money They Have Charged These People" and to "Return the vehicles that were illegally taken from a locked gated off-road parking facility that the Plaintiff owns."  (ECF No. 18 at 2, 4.)  He also seeks "an injunction Relief on the City"—which is not a party to this case but employs the defendants—although he does not elaborate on the nature of the requested injunction.  (*Id.* at 3.)

Plaintiff filed his "Motion for Emergency/Expidited [sic] Relief Manditory [sic] Injunction" on June 24, 2021.  (ECF No. 18.)  The defendants timely responded (ECF No. 20), but Plaintiff did not file a reply.  As such, the motion is fully briefed and ready for resolution.

## II.   LEGAL STANDARD

"[A] plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that the remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

2

(4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). All four factors must be satisfied in order for the injunction to issue, and the plaintiff seeking the injunction bears the burden to show that each factor is met. *Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 719 (4th Cir. 2021).

### III.    ANALYSIS

Plaintiff has not shown that he is entitled to the injunctive relief he requests. As an initial matter, the alleged actions for which Plaintiff requests injunctive relief are not part of the instant lawsuit and instead appear to relate to the state-court order authorizing the City to remove illegally parked vehicles from property near Plaintiff's business. (*See* ECF No. 18-1.) But "an injunction is merely a remedy flowing from the underlying substantive claims rather than an independent cause of action itself." *City of Charleston v. Joint Comm'n*, 473 F. Supp. 3d 596, 632 (S.D.W. Va. 2020). A motion for injunctive relief that is not related to the claims at issue in the action is therefore not a proper mechanism to obtain that relief. *See White v. Francis*, No. 5:06-cv-166, 2007 WL 2110345, at *3 (N.D.W. Va. July 18, 2007). Further, to the extent Plaintiff asks this Court to stay the enforcement of the state court's order, this Court is prohibited from doing so absent exceptional circumstances that Plaintiff does not argue apply here. 28 U.S.C. § 2283.

More importantly, Plaintiff has failed to satisfy each of the four factors necessary to warrant a permanent injunction. With regard to the first factor, irreparable harm, he argues that he "and his customers are Loose [sic] their 4th amendment rights while these court proceeding[s] are going on." (ECF No. 18 at 4.) While "a likely constitutional

violation" constitutes irreparable harm, *Leaders of a Beautiful Struggle v. Balt. Police Dep't*, 2 F.4th 330, 346 (4th Cir. 2021) (en banc), Plaintiff cannot vicariously assert a Fourth Amendment violation on his customers' behalf, *United States v. Bullard*, 645 F.3d 237, 242 (4th Cir. 2011) (quoting *United States v. Quinn*, 475 U.S. 791, 794 (1986)). Moreover, it appears that the vehicles were seized pursuant to a state-court order after litigation between Plaintiff and the City, limiting the possibility that the seizure was unlawful. (ECF No. 18-1 at 7.) Plaintiff also speculates that he and his customers will "be discriminated [against], harassed, belittled," and could lose their employment "with out [sic] these vehicles." (ECF No. 18 at 4.) But "[a]n injunction 'will not be granted against something merely feared as liable to occur at some indefinite time in the future.'" *Norfolk & W. Ry. Co. v. Brotherhood of R.R. Signalmen*, 164 F.3d 847, 856 (4th Cir. 1998) (quoting *Bloodgood v. Garraghty*, 783 F.2d 470, 475 (4th Cir. 1986)). Put simply, Plaintiff has not demonstrated the likelihood of irreparable harm in the absence of the requested permanent injunction.

However, even if he had, he has likewise not satisfied the second factor meriting an injunction, *i.e.*, that no adequate remedy at law will compensate for the injury. As the defendants point out, Plaintiff continues to litigate the state-court action and has appealed the order authorizing the seizure of his customers' vehicles. (*See* ECF No. 20 at 10–11.) The injunctive relief he requests in his motion is more appropriately pursued in the state-court action, which is directly related to the requested relief and has a more developed factual record. Plaintiff does not contend that the state courts are an inadequate forum to seek that relief.

Similarly, he has not shown that the third factor, the balance of hardships between the parties, or the fourth factor, the public interest, weighs in his favor. His motion for

4

injunctive relief assumes that the City cannot place restrictions on the operation of his business, which is a doubtful proposition at best. If anything, these factors favor the defendants, as "comprehensive zoning laws and ordinances . . . are, in their general scope, valid under the federal Constitution." *Gorieb v. Fox*, 274 U.S. 603, 608 (1927).

In sum, even assuming that this Court is authorized to grant the requested injunctive relief, Plaintiff has not demonstrated that a permanent injunction should be issued.

### IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (ECF No. 18) be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

    ENTER:    September 9, 2021

_____
Dwane L. Tinsley
United States Magistrate Judge