# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

BYRON MEEKS,

                Plaintiff,

v.                                     CIVIL ACTION NO.  2:20-cv-00583

BOBBY MCCLUNG, et al.,

                Defendants.

### **PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3.) Four motions are pending before the undersigned in this case. First, the parties each filed dispositive motions: a *Motion for Summary Judgment* filed jointly by the Defendants, Bobby McClung ("McClung"), Lt. Matthew Eichhorn ("Eichhorn"), Darren Winans ("Winans"), and Mike Winters ("Winters") (collectively, "Defendants") (ECF No. 37), on the one hand, and on the other, the *Counter Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* filed by Plaintiff Byron Meeks ("Plaintiff"), who is proceeding *pro se.* (ECF No. 39). Plaintiff also filed a *Motion to Strike Answer* and *Motion for Entry of Default.* (ECF Nos. 27, 32). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's *Motion to Strike Answer* (ECF No. 27) be **GRANTED IN PART AND DENIED IN PART**; Plaintiff's *Motion for Entry of Default* (ECF No.

32) be **DENIED**; Plaintiff's *Counter Motion for Summary Judgment* (ECF No. 39) be

**DENIED**; and Defendants' *Motion for Summary Judgment* (ECF No. 37) be **DENIED**.

## I.   BACKGROUND

Plaintiff filed his *pro se* Complaint in this Court pursuant to 42 U.S.C. § 1983 on

September 8, 2020, alleging violations by Defendants of the First, Fourth, and Fourteenth

Amendments to the United States Constitution, as well as violations of West Virginia state

laws.[1] (*See* ECF No. 1.) By Standing Order entered in this action on September 9, 2020,

the matter was referred to the undersigned for the submission of proposed findings of fact

and a recommendation for disposition. (ECF No. 3.) Defendants jointly filed a motion to

dismiss on October 5, 2020, and the Court subsequently adopted the undersigned's PF&R

on the motion on July 16, 2021. (ECF Nos. 6, 16, 21.)

Put in plain terms, Defendants' motion to dismiss challenged the sufficiency of

Plaintiff's Complaint, which is the document a party files to initiate, or begin, a lawsuit.

(ECF Nos. 1, 4.) Essentially, in order to move forward with the case, Plaintiff's Complaint

must set out factual allegations that support the legal claims he asserted against

Defendants in this lawsuit. Specifically, for each of these legal claims for relief, Plaintiff's

Complaint was required to allege sufficient factual allegations that, if accepted as true,

would satisfy all the elements he would need to prove in order to win on the claim at trial.

(ECF No. 16 at 5 (citing *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017)).)

If Plaintiff's alleged facts, taken as true, did not satisfy all the elements of a claim, then

the claim would be dismissed up front at the beginning of the lawsuit. *See id.*

---

[1] As the Chief Judge previously noted, a detailed recitation of the underlying factual allegations in this matter is set forth in the undersigned's May 3, 2021 Proposed Findings & Recommendation ("PF&R") on Defendants' threshold motion; this recitation is incorporated herein by reference and therefore shall not be repeated unless relevant to the motions at hand. (*See* ECF Nos. 16, 21.)

Reviewing Plaintiff's Complaint, the Court did not agree with Defendants' argument in their motion to dismiss that the whole lawsuit should be dismissed because Plaintiff's factual allegations were insufficient for all of his claims. However, the Court did find that the Complaint only alleged sufficient facts to move forward with three of Plaintiff's legal claims against the Defendants.[2]

First, the Complaint alleges that on August 6, 2020, Defendants McClung, Winans, and Winters conducted an unreasonable search when they arrived at Plaintiff's business "over a Parking complaint" and subsequently entered onto the gated, fenced parking lot for Plaintiff's vehicle-repair shop and looked around, without Plaintiff's consent and without having a warrant to do so. (ECF No. 16 at 7-10.) Based upon the facts alleged, Plaintiff pursues a legal claim against McClung, Winans, and Winters in their individual capacities under the Federal Statute 42 U.S.C. § 1983, on the grounds that their allegedly unreasonable search deprived Plaintiff of his right under the Fourth Amendment "to be secure . . . against unreasonable searches and seizures" (Plaintiff's "Fourth-Amendment right" or "constitutional right"). (*See* ECF Nos. 1, 16); U.S. Const. amend IV.

Similarly, the Complaint alleges that on August 10, 2020, Defendant Eichhorn conducted an unreasonable search when he entered Plaintiff's "off road Parking for his customers['] vehicles" without being "granted access" or "hav[ing] a search warrant" and inspected a vehicle "that was not even visible from [where he] had Parked." (ECF No. 16 at 13 (citing ECF No. 1 at 5).) For the same reasons as the first claim, based upon the facts alleged Plaintiff was permitted to pursue a legal claim against Eichhorn in his individual

---

[2] The Court explained to Plaintiff that this ruling only meant Plaintiff had set forth sufficient factual allegations in the Complaint to move forward with the lawsuit on the remaining claims, and ultimately, "[t]he burden is still on Plaintiff to **prove**" these facts. (ECF No. 21 at 4 n.3.)

capacity under 42 U.S.C. § 1983 for allegedly depriving Plaintiff of his Fourth-Amendment right to be secure against unreasonable searches. (ECF No. 16 at 13.)

Third and finally, the Complaint alleges that on August 10, 2020, Defendant Eichhorn conducted an unreasonable seizure by arresting Plaintiff without a warrant for the offense of receiving a stolen vehicle when Plaintiff provided Eichhorn with evidence that the vehicle was not stolen and Eichhorn had no contrary evidence showing that it was stolen. *Id.* at 14. Based upon the facts alleged Plaintiff pursues a legal claim against Eichhorn in his individual capacity under 42 U.S.C. § 1983 on the grounds that Eichhorn arrested Plaintiff without probable cause and thereby deprived Plaintiff of his Fourth-Amendment right to be secure against unreasonable seizures. (ECF No. 16 at 14.)

Following the Court's ruling on Defendants' motion to dismiss, Defendants filed their joint Answer to Plaintiff's Complaint on September 14, 2021. (ECF No. 24.) In their Answer, Defendants McClung, Winans, and Winters denied Plaintiff's allegations, including the allegations "as they relate to the claims against Defendants for unlawful search on August 6, 2020, and further den[y] any unlawful conduct." (ECF No. 24 at ¶ 2.) Additionally, Defendant Eichhorn denied Plaintiff's allegations, including the allegations "as they relate to the claims against [Eichhorn] for unlawful search and/or arrest on August 10, 2020, and further denies any unlawful conduct." *Id.* at ¶ 7. The Defendants also asserted affirmative defenses—including the defense of qualified immunity—and requested a jury trial. *See id.*

Notably, the Answer further contained a nearly-400-word "preliminary statement" that summarized its interpretation of the effect of the Court's ruling, and set forth allegations regarding separate litigation "against the City of Parkersburg and various City officials, including the present Defendants," including a characterization of that litigation

4

as "frivolous and unfounded." (ECF No. 24 at 2.) Finally, this portion of Defendants'
Answer made allegations concerning injunction proceedings initiated by the City of
Parkersburg before the Circuit Court of Wood County, West Virginia. *Id.*

On September 20, 2021, the Court entered a Scheduling Order which included a
deadline for the parties to complete all discovery by March 14, 2022, and to file their
dispositive motions by April 4, 2022. (ECF No. 25.)

Shortly thereafter on September 27, 2021, Plaintiff filed the pending *Motion to
Strike Answer*. (ECF No. 27.) Defendants filed their joint response to the motion on
October 11, 2021 (ECF No. 30), and Plaintiff filed his reply on October 15, 2021 (ECF No.
31). These submissions were each timely filed pursuant to the Court's September 28, 2021
Order (ECF No. 28), and the motion is now ripe for adjudication.

Additionally, Plaintiff filed the pending *Motion for Entry of Default* on February
2, 2022. (ECF No. 32.) Defendants filed their joint response on February 15, 2022 (ECF
No. 34), and Plaintiff filed his reply on February 23, 2022 (ECF No. 35). These
submissions were each timely filed pursuant to the Court's February 7, 2021 Order (ECF
No. 33), and the motion is now ripe for adjudication.

Finally, Defendants filed a joint *Motion for Summary Judgment* and attendant
*Memorandum of Law in Support* on the April 4, 2022 set forth in the Court's Scheduling
Order. (ECF Nos. 25, 37, 38.) On April 18, 2022, Plaintiff filed a joint *Counter Motion for
Summary Judgment and Opposition to Defendants' Motion for Summary Judgment*,
along with an attendant *Memorandum of Law in Support*. (ECF Nos. 39, 40.) Plaintiff's
response to Defendants' dispositive motion in this filing complied with the time frame
delineated in the Court's Scheduling Order, but his motion for summary judgment that
he appended to his response was filed out of time. (*See* ECF No. 25.)

Defendants filed a timely brief on April 25, 2022, which both replied in support of their dispositive motion, and responded to Plaintiff's dispositive motion. (ECF No. 42.) Plaintiff did not file a reply in support of his dispositive motion, his time to do so has expired under Rule 7.1(a)(7) of the Court's Local Rules of Civil Procedure, and he has not sought leave for an extension of time.

Accordingly, these four motions are now ripe for adjudication, and the Court will take up each in turn. At the outset, the Court notes that, generally, "[a] document filed pro se is to be liberally construed," and held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court applies this standard in its review and proposed findings of fact and recommendations for disposition of the motions at hand.

## II.    Plaintiff's Motion to Strike Answer

Plaintiff's *Motion to Strike Answer* seeks an order striking Defendants' Answer in its entirety, and thus leaving no facts in dispute, entering summary judgment in Plaintiff's favor. (ECF No. 27 at 11.) In response, Defendants discredit Plaintiff's motion as "another example of his attempt to cobble together a motion more likely than not cut and paste [*sic*] from something read off of the internet, seeking relief above and beyond what [Plaintiff] may be entitled, and . . . wasting this Court's time and resources, as well as Defendants[']." (ECF No. 30 at 1.) Defendants request that the Court deny the motion and "award the Defendants [their] attorneys' fees and costs incurred in responding to his Motion," described as "just another example of [Plaintiff's] frivolous attempts . . . to file frivolous and unsupported claims against the City of Parkersburg and its officials," which they claim "has wasted hours of City and judicial resources." *Id*. at 8.

The Federal Rules of Civil Procedure permit the Court to "strike from a pleading

6

an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
Fed. R. Civ. P. 12(f). Rule 12(f) motions to strike "are generally viewed with disfavor
'because striking a portion of a pleading is a drastic remedy and because it is often sought
by the movant simply as a dilatory tactic.'" *Courtland Co., Inc. v. Union Carbide Corp.*,
No. 2:19-CV-00894, 2021 WL 1868313, at *2 (S.D.W. Va. May 10, 2021) (citing *Waste
Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). Consequently, "the
standard by which courts judge Rule 12(f) motions imposes a sizable burden on the
movant, . . . and it is difficult to establish a defense is clearly insufficient." *Clark v. Milam*,
152 F.R.D. 66, 70 (S.D. W. Va. 1993). To prevail on a motion to strike pursuant to this
standard, a movant must convince the court that "there are no questions of fact, that any
questions of law are clear and not in dispute, and that under no set of circumstances could
the defense succeed." *Id.* Further, "[e]ven where technically appropriate and well-
founded, motions to strike defenses as insufficient are often denied in absence of a
showing of prejudice to the moving party." *Id.* at 70. The movant bears the burden to
"clearly show" that inclusion of the challenged portion or portions of the pleading "will
prejudice" him or her. *Courtland Co., Inc.*, 2021 WL 1868313, at *2.

Additionally, the Court's Local Rules of Civil Procedure provide that "[a]ll motions
shall be concise" and shall "state the relief requested precisely." L.R. Civ. P. 7.1(a)(1).
Plaintiff's motion falls short of this standard.  Principally comprised of vague sentence
fragments—marked by significantly underdeveloped writing mechanics and compounded
by a lack of meaningful structure—Plaintiff's arguments bleed between topics,
ambiguously interspersed with extensive quotes to authority that are frequently pulled
out of context and poorly delineated. (*See* ECF No. 27.)  Due to this lack of clarity, many
of Plaintiff's arguments are simply inscrutable. While Plaintiff's motion is held to the less-

exacting standard for *pro se* litigants, *see Estelle*, 429 U.S. at 106, "the Court cannot make arguments for him." *Westfall v. Trump*, 1:20-CV-207, 2020 WL 7865280, at \*2 (N.D. W. Va. Dec. 31, 2020). *See also Gordon v. Leeke*, 576 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that the district court is not expected to assume the role of advocate for a *pro se* litigant); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (explaining that district courts are not required to "conjure up questions never squarely presented to them" in *pro se* filings).

Liberally construing Plaintiff's submissions to the fullest appropriate extent, the Court can discern three main arguments asserted by Plaintiff in support of the motion at hand. First, Plaintiff challenges the Preliminary Statement set forth in Defendants Answer as "immaterial, redundant," and "scandalous." (ECF No. 27.) Second, Plaintiff argues that Defendants' Answer should be stricken as untimely. *See id.* Finally, Plaintiff argues that Defendants' Answer and affirmative defenses to the allegations in his Complaint are improper because they are stated generally and not with the specificity he asserts is required. *Id.* The Court addresses each of these three central arguments in turn.

### a. **Defendants' Preliminary Statement**

While not the paragon of clarity, in construing Plaintiff's motion liberally it appears that he first seeks to strike the "Preliminary Statement" set forth in Section I of Defendants' Answer on the grounds that the allegations in that section are "immaterial, redundant," and "scandalous." (ECF No. 27 at 1 (citing Fed. R. Civ. P. 12(f)).) Defendants' Preliminary Statement summarizes the remaining claims following the Court's ruling on their motion to dismiss and sets forth Defendants' counter-allegations of fact concerning Plaintiff's parking dispute with the City of Parkersburg, which they allege culminated in the injunction proceedings filed by the City in Wood County Circuit Court. (ECF No. 24

at 2.) Specifically, the second paragraph of the Preliminary Statement alleges that this case "is a continuation of numerous frivolous and unfounded complaints and filings by Mr. Meeks against the City of Parkersburg and various City officials, including the present Defendants." (ECF No. 24 at 2.)

Plaintiff first objects to the factual allegations in the Preliminary Statement; primarily disputing their accuracy, he also argues that because Defendants' allegations are not evidence and "are not in the complaint," they should be stricken as immaterial. (*See* ECF No. 27 at 1, 3-4.) In response, Defendants assert that these allegations, such as Defendants' assertion concerning the ownership and identification of the shop, are questions of fact relevant to Defendants' affirmative defenses. (ECF No. 30 at 7 (citing *Sweeney v. Am. Registry of Pathology*, 287 F. Supp. 2d 1 (D.D.C. 2003)).) Both parties attached documents to support their position on the identification and ownership of the business entity at issue in the Wood County proceedings. (*Compare* ECF Nos. 27 at 1, 30-1, *with* ECF No. 30 at 4, 31 at 11-32.)

At most, Plaintiff has demonstrated the unremarkable fact that the parties dispute the factual allegations set forth in the Complaint. Under the circumstances, Defendants' Preliminary Statement appropriately sets forth adequate notice of their defenses. Although Rule 8(b) of the Federal Rules of Civil Procedure does not specifically provide for it, a party's inclusion of an introduction or overview section in his or her pleading is not necessarily improper. *See Lahr v. Brigadoon Fin., Inc.*, 1:15-CV-00106, 2015 WL 5286790, at *2 (N.D. Ind. Sept. 9, 2015). As one District Court observed, "provid[ing] an overview of [a party's] case . . . is common practice when filing complaints." *Fox v. Will Cty.*, 04-CV-7309, 2011 WL 6206238, at *2 (N.D. Ill. Dec. 7, 2011). *See also Hatcher v. Hauffman*, 7:20-CV-00474, 2021 WL 3084921, at *2 (W.D. Va. July 21, 2021)

("Defendants' failure to describe, with particularity, how they would be prejudiced by the [three-page introduction] is fatal to their motion to strike."). Though "a preliminary statement is generally unnecessary and improper in the context of a defendant's answer to a complaint," some courts have extended similar latitude to defendants when a brief statement "addresses the central disputes between the parties" and its inclusion "helps provide the reader with adequate notice of [a defendant's] defenses and counterclaims." *Lahr*, 2015 WL 5286790, at \*2-3 (citations omitted). Providing such information can be particularly useful when a complaint is unusually detailed, lengthy, dense, or when it does not set forth clear numbered paragraphs to which a defendant can provide a simple response. *See id.*

Here, the form of Plaintiff's Complaint lends itself to a preliminary response because Plaintiff's allegations were set forth in dense, run-on sections that bled into one another rather than distinctly set forth in numbered paragraphs. (*See* ECF No. 1.) Because Defendants could not simply limit their answers to numbered paragraphs that were responsive to each paragraph of Plaintiff's Complaint, their Preliminary Statement addressed the central dispute between the parties and helped provide clear notice of its defenses. *See id.* Without more, Plaintiff has failed to demonstrate that the Preliminary Statement should be stricken pursuant to Rule 12(f).

Plaintiff further argues that the Preliminary Statement should be stricken because it contains "impertinent or scandalous" allegations. Fed. R. Civ. P. 12(f). To meet this standard, Plaintiff must show—in addition to an unduly prejudicial effect—that "the allegations being challenged are so unrelated to [Defendants' counter-claims or defenses] as to be void of merit and unworthy of any consideration." *Lahr*, 2015 WL 5286790, at \*3. This generally arises when the offensive material is not responsive to an argument but,

rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. *See Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that reflected adversely on the moral character of a nonparty and "the allegations were unnecessary to a decision on the matters in question"). For instance, the District of Columbia granted a motion to strike unfounded accusations that the opposing counsel was racist when this allegation was unfounded and unrelated to the subject matter of the suit. *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003). Similarly, the District of Kansas granted a motion to strike an allegation that the defendant bribed prospective witnesses. *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994). Likewise, the Central District of California granted a motion to strike a plaintiff's allegation that personally attacked the defendants by likening them to "vultures feeding on the dead." *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998).

On review, the only allegation that has the potential to be viewed as "impertinent or scandalous" regarding Plaintiff asserts that he filed "numerous frivolous and unfounded complaints and filings . . . against the City of Parkersburg and various City officials, including the present Defendants." (ECF No. 24 at 2.) The Court is unpersuaded by Plaintiff's characterization that these allegations "reflect such a lack of civility that it "[s]aturates the[ir] entire Pleading," and therefore "were the Court simply to order the deletion of the Offensive statements, Defendants['] Affirmative Defense would more resemble Swiss cheese th[a]n a legal document." (ECF No. 27 at 3.)

Unlike the allegations that the district courts chose to strike in the cases noted above, where the allegations did not directly concern the subject-matter of the lawsuit, Defendants' allegations here concern the dispute between the City of Parkersburg and Plaintiff, which are a part of the very circumstances that gave rise to this litigation.

Further, Defendants' allegations in this case did not state a blatant personal attack on Plaintiff's character like the cases discussed above. *See Pigford*, 215 F.R.D. at 4-5 (characterizing a party's counsel as racist); *Murray*, 156 F.R.D. 235, 258 (accusing a defendant of "bribery"); *Cairns*, 24 F. Supp. 2d at 1037 (likening the defendants to "vultures"). The Preliminary Statement also omits any mention of criminal charges and limits the scope of its discussion of prior legal disputes between the City, its officials, and Plaintiff, to civil and administrative proceedings. (ECF No. 24 at 2.)

Moreover, Plaintiff has not "clearly shown" that inclusion of the Preliminary Statement in Defendants' Answer will cause him prejudice. *Courtland Co., Inc.*, 2021 WL 1868313, at *2. Plaintiff does not even address how Defendants' allegations of his purported municipal-code violation, or Defendants' characterization of the legal claims stemming from their parking dispute with Plaintiff as "frivolous and unfounded," rise to the level of being "so prejudicial that it must be stricken from the pleading" as contemplated by Rule 12(f). *Lahr*, 2015 WL 5286790, at *3. Accordingly, Plaintiff failed to meet his "sizable burden" to demonstrate that Defendants' Preliminary Statement should be stricken as "redundant, immaterial, impertinent, or scandalous matter" pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and the undersigned respectfully recommends that Plaintiff's *Motion to Strike Answer* on this basis (ECF No. 27) be **DENIED**.

### b.  Timeliness of Defendants' Answer

Plaintiff next argues that Defendants' Answer was improper under the Federal Rules of Civil Procedure and should be stricken in its entirety as untimely. (ECF No. 27 at 5 (citing ECF No. 24).) Ostensibly because Defendants' Answer solely responded to the allegations relating to the three surviving Fourth-Amendment claims asserted under 42

12

U.S.C. § 1983, Plaintiff asserts that "the Defendant[]s failed to file a timely answer to the Plaintiff[']s remaining claims." *Id.* Plaintiff appears to misunderstand that the Court's July 16, 2021 Memorandum Opinion & Order adopting the undersigned's PF&R dismissed all but Plaintiff's three Fourth-Amendment claims for relief under 42 U.S.C. § 1983 against Defendants, in their individual capacities. (ECF No. 16 at 5-6.) As the Court explained, its ruling meant that Plaintiff only "pled sufficient allegations" to move forward in this case on those three claims. (ECF No. 21 at 4 n.3.) Because the remaining claims were dismissed by the Court, the Rules did not require Defendants to address them in their Answer; nor did Plaintiff attempt to demonstrate that he was prejudiced by the Defendants' failure to respond to the dismissed claims in their Answer. *Courtland Co., Inc.*, 2021 WL 1868313, at *2.

Furthermore, to the extent Plaintiff seeks to argue that the filing of Defendants' Answer on September 14, 2021, was untimely, Plaintiff is correct that Defendants did not file a timely answer initially. However, the Court on its own subsequently extended this deadline to September 14, 2021; consequently, Defendants' filing of their Answer on that date was timely. (ECF Nos. 22, 24, 33.) Moreover, Plaintiff again made no effort to demonstrate any consequent prejudice. *Courtland Co., Inc.*, 2021 WL 1868313, at *2. Accordingly, Plaintiff failed to meet his "sizable burden" to demonstrate that Defendants' Answer should be stricken as untimely pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, and the undersigned respectfully recommends that Plaintiff's *Motion to Strike Answer* on this basis (ECF No. 27) be **DENIED**.

### c.  <u>Specificity of Defendants' Statements</u>

Plaintiff's last central argument asserts that a number of the responses and affirmative defenses set forth generally in Defendants' Answer to Plaintiff's Complaint are

insufficient because they do not contain the requisite specificity. Turning to the sufficiency of Defendants' affirmative defenses, Plaintiff first seeks to strike Defendants' attempts to "reserve the right" to supplement their Answer with additional affirmative defenses; Plaintiff argues that this type of affirmative defense is so "broadly-worded and speculative" that it fails to "give[] plaintiff fair notice of the nature of the defense." (*See* ECF No. 27 at 7-8 (citing *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004)).) Defendants' second, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses all employ this language, also purporting to "reserve[] the right to assert" various affirmative defenses. (ECF No. 24 at 4-6.) For instance, Plaintiff pointed to Defendants' first affirmative defense, which asserts: "the Defendants not being fully advised of all the circumstances surrounding the allegations set forth in the Complaint, reserve[] the right to assert that Plaintiff's claims are barred by the Governmental Tort Claims and Insurance Reform Act, § 29-12A-1, et seq., and must therefore, be dismissed with prejudice." (ECF No. 24 at 4.)

The Court recently addressed this issue and expressly found that the "reservation of rights" language is improper and should be stricken. *See Courtland Co., Inc. v. Union Carbide Corp.*, No. 2:19-CV-00894, 2021 WL 1868313, at *3 (S.D.W. Va. May 10, 2021) (citing *Com. & Indus. Ins. Co. v. Newhall Contracting, Inc.*, 2:13-CV-30260, 2014 WL 4161971, at *3 (S.D. W. Va. Aug. 19, 2014)). In *Courtland Co., Inc.*, this Court rejected as "deficient" an affirmative defense that, like the defenses identified here, "merely attempts to reserve unpled defenses" in the future. *Id.* The Court explained that the rationale for striking the "reservation of right" defenses is twofold; first, "reservation" of a future defense in the responsive pleading is unnecessary because a defendant may amend his or her pleading under Rule 15 of the Federal Rules of Civil Procedure to include additional

14

defenses that subsequently emerge in discovery. *See id*. More important, "permitting the defendant to reserve defenses in this manner prejudices the plaintiff because doing so risks litigation over defenses that the defendant might not ultimately assert." *Id*.

Accordingly, based upon the Court's express finding in *Courtland Co., Inc*., 2021 WL 1868313, the undersigned **FINDS** that Plaintiff has met his "sizable burden" to establish that the first, second, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses set forth in Defendants' Answer are "clearly insufficient." *Clark*, 152 F.R.D. at 70. Likewise, pursuant to the Court's prior holding in *Courtland Co., Inc*., Plaintiff has "clearly shown" that these defenses "will prejudice" him. *Courtland Co., Inc*., 2021 WL 1868313, at *2. The undersigned therefore respectfully recommends that Plaintiff's *Motion to Strike Answer* (ECF No. 27) be **GRANTED** on this basis, and these affirmative defenses be **STRICKEN** pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.[3]

In contrast, Plaintiff has not demonstrated that the lack of specificity in the remaining responses and affirmative defenses identified in his motion rise to the "clearly insufficient" standard. *Clark*, 152 F.R.D. at 70. For instance, Plaintiff points to Defendants' general responses to the Complaint and asserts that, because Defendants did not expressly admit or deny "each allegation in Plaintiff's complaint" individually, the Answer is improper and should be stricken in its entirety. (ECF No. 27 at 5-7.) In response, Defendants argue that individual responses were impractical and inappropriate in the case at hand because the allegations set forth on the form Complaint completed by

---

[3] Of course, the undersigned's recommendation is made with the caveat that, just as the Court noted in *Courtland Co., Inc*., "as the case progresses, [Defendants] may amend [their] pleading consistent with Rule 15 and Rule 16(b)(4) to assert the affirmative defenses [they] sought to reserve" in the stricken affirmative defenses. *Courtland Co., Inc*., 2021 WL 1868313, at *4 n.4.

Plaintiff are comprised of dense, run-on sentences rather than separately-numbered paragraphs. (*See* ECF No. 30 at 5.) Regardless, the Federal Rules of Civil Procedure permit a party who "intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—[to] do so by a general denial." Fed. R. Civ. P. 8(b)(3). When a party does not "intend to deny all the allegations," he or she is permitted to "generally deny all except those specifically admitted." *Id*. A defendant is only required to "specifically deny designated allegations" if he or she did not choose either of the first two options. *See id*. Here, Defendants' Answer expressly states that "Defendants deny each and every allegation of the Complaint which has not been expressly or unconditionally and without reservation admitted." (ECF No. 24 at 4 ¶ 10.) Thus, under the plain language of the Rule, Defendants were not required to address "each allegation in Plaintiff's complaint" as Plaintiff alleged, and the undersigned respectfully recommends that Plaintiff's *Motion to Strike Answer* on this basis (ECF No. 27) be **DENIED**. (ECF No. 27 at 5-7.)

Finally, Plaintiff seeks to strike Defendants' affirmative defense that "Plaintiff['s] Complaint [f]ail[s] to State a Claim [o]n which relief can be granted." (ECF No. 27 at 2 (citing ECF No. 24 at ¶¶ 1, 6).) However, as the U.S. District Court for the Southern District of New York explained, "[a] failure-to-state-a-claim defense is not vulnerable to motions to strike because the defense is analogous to a general denial and its inclusion, although likely redundant, does not prejudice plaintiffs." *Coach, Inc. v. Kmart Corporations*, 756 F.Supp.2d 421 (S.D.N.Y. 2010). Accordingly, the undersigned respectfully recommends that Plaintiff's *Motion to Strike Answer* (ECF No. 27) as to these remaining responses and defenses identified in Plaintiff's motion be **DENIED**.

In sum, Plaintiff has demonstrated that the first, second, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses set forth in Defendants' Answer are clearly insufficient and prejudicial and should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. However, as to the remaining responses and defenses asserted in Defendants' Answer, Plaintiff failed to meet his "sizable burden" to demonstrate that they are "clearly insufficient" to warrant striking them from Defendants' Answer pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Therefore, the undersigned respectfully recommends that Plaintiff's *Motion to Strike Answer* (ECF No. 27) be **GRANTED IN PART AND DENIED IN PART**.

## III.   Plaintiff's Motion for Entry of Default

In his *Motion for Entry of Default against the Defendants*, Plaintiff asserts that Defendants "showed abandonment of this lawsuit" by failing "to attend the[ir] own deposition."[4] (ECF No. 32 at 1.) To support his motion, Plaintiff attached his own affidavit along with the affidavits of two witnesses, who all essentially attested that Defendants and their counsel did not appear for a scheduled deposition on January 10, 2022. (*See* ECF No. 32-1 at 7-12.) In conjunction with Defendants' prior failure to file their Answer until directed to do so by the Court (ECF No. 22), Plaintiff argues that this failure to appear for deposition supports a finding that Defendants have "failed to comply with numerous

---

[4] As addressed in the discussion of Plaintiff's *Motion to Strike*, above, the arguments Plaintiff seeks to assert in the subject motion are similarly difficult to discern. While the parties' submissions—including the submissions Plaintiff attached in support of his own motion—demonstrate that *Defendants* were seeking *Plaintiff's* deposition in this matter, Plaintiff also appears to be moving for sanctions based upon *Defendants'* failure to appear for their own, joint "30(b)(6)" deposition that he seems to assert was noticed for the same day. (ECF No. 32 at 1-2 (citing Fed. R. Civ. P. 30(b)(6)).) As each of the named Defendants are individuals, however, Rule 30(b)(6) does not apply; furthermore, even if Rule 30(b)(6) were applicable, Plaintiff failed to meet his obligation to "describe with reasonable particularity the matters for examination" in a written notice, and failed to "confer in good faith about the matters for examination" as that Rule expressly requires. Fed. R. Civ. P. 30(b)(6). Thus, the Court will construe Plaintiff's argument on this issue as an alleged failure by each of the Defendants to appear for their own individual depositions.

discovery o[r]ders," entitling him to the entry of "Defendants['] default under Rule 55(a)" or, alternatively, an order of "default judgment against the [D]efendants" as a "discovery sanction under Rule 37(d)." (ECF No. 32 at 1.) Both of these claims for relief fail.

### a. <u>Discovery Sanction Pursuant to Rule 37(d)</u>

First, Plaintiff has not demonstrated he is entitled to discovery sanctions under Rule 37(d) of the Federal Rules of Civil Procedure based upon Defendants' failure to appear on January 10, 2022. Plaintiff's request for relief on this basis fundamentally fails at the outset because he did not discharge his duty to confer pursuant to the Court's Local Rules of Civil Procedure. Specifically, Rule 37.1(b) requires that "counsel for each party shall make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent." L.R. Civ. P. 37(b). Plaintiff did not do so.

First, Plaintiff delayed responding to repeated written requests to provide Defendants "a list of dates" of availability for his own deposition. (ECF Nos. 32-1, 34-1, 34-2, 34-3, 34-4.) By his own account, Plaintiff eventually provided a single date to Defendants indirectly through his secretary, and chose to appear without any further efforts to communicate with Defendants despite "never hear[ing] back from" defense counsel. (*See* ECF No. 32-1 at 2.) This conduct is not indicative of good faith.

While Plaintiff submitted evidence that he called defense counsel on January 10, 2022 and sent a follow-up email inquiring why counsel was not present for the deposition, this last-minute effort is insufficient to show he took reasonable steps to confer in person or by phone as Rule 37.1(b) required him to do before seeking discovery sanctions. (ECF Nos. 32-1 at 2, 34-5 at 7.) Prior to the deposition, Plaintiff did not confer in person or by phone; rather, he communicated this single date of availability indirectly, through his secretary and otherwise made no attempt to contact defense counsel or respond to

counsels' communications. There is no indication that Plaintiff took any steps to confer with Defendants concerning a date for the deposition prior to filing his motion. In a January 26, 2022 letter to Plaintiff, defense counsel asked Plaintiff to propose a few dates of availability for his deposition, explained to Plaintiff that, "[s]hould you wish to take any depositions yourself" on the date ultimately agreed upon by the parties, "you must provide notice and file the proper notice of deposition with the Court," and invited Plaintiff to "feel free to call . . . should you wish to discuss." (ECF No. 32-1 at 6.) However, Plaintiff ignored counsels' requests and did not respond prior to filing the subject motion. Based on this course of conduct, the Court finds that Plaintiff failed to discharge his duty to "make a good faith effort to confer in person or by telephone to narrow the areas of disagreement to the greatest possible extent." L.R. Civ. P. 37.1(b).

The fact that Plaintiff is not represented by counsel in this case does not excuse his failure. As set forth in the Court's discussion of Plaintiff's *Motion to Strike* above, a party's *pro se* status "is not a free pass to engage in abusive conduct." *Fenner*, 2009 WL 6372547, at n.1. To the contrary, a party's *pro se* status does not alter application of the Local or Federal Rules of Civil Procedure to his or her case; as this Court's Pro Se Handbook expressly notifies *pro se* litigants, "[i]f you decide to proceed pro se, you will be responsible for learning about and following all the procedures that govern the court process." Pro Se Handbook, at § 2.3 pp. 3-4. This means *pro se* litigants "are responsible for becoming familiar with and following the Court's local rules and procedures . . . [including] read[ing] the Federal and Loal Rules of Procedure." *Id.* at § 4 p. 11. Moreover, "[t]he Court may penalize a party or attorney for failing to comply with a law, rule or order . . . and pro se litigants are subject to the same sanctions as licensed attorneys." *Id.* at § 2.3 p. 4. Plaintiff therefore had a duty to confer in good faith prior to moving for discovery

sanctions. In sum, it is plain that the parties have not fulfilled their mutual obligation to confer in accordance with the Court's Local Rules.[5] As a result, any request by Plaintiff for discovery sanctions is premature and improper at the outset.

Even if Plaintiff had discharged his duty to confer appropriately, however, he would still not be entitled to discovery sanctions under Rule 37(d)(1)(A)(i). Defendants' failure to appear to take *Plaintiff's* deposition does not warrant sanctions because Defendants' non-appearance was substantially justified under the circumstances. Fed. R. Civ. P. 37(d)(3). Defendants sought "a list of dates" setting forth Plaintiff's availability for a deposition, but Plaintiff only provided a single date; in response, Defendants did not serve a written notice scheduling Plaintiff's deposition for the date he provided, and instead corresponded via email on December 21, 2021 requesting additional dates from Plaintiff. (ECF No. 34-4.) Plaintiff's decision to appear nonetheless was not communicated clearly, (*see* ECF Nos. 32-1 at 2, 34-5 at 7), and it was unreasonable under the circumstances for Plaintiff to assume that his deposition was moving forward.

Nor does the failure by Defendants to appear for their *own* depositions on that date entitle Plaintiff to sanctions. As Plaintiff notes in his motion, Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure provides that "[t]he court where the action is pending may, on motion, order sanctions if a party . . . or a person designated under Rule 30(b)(6) . . . fails, after being serviced with *proper notice*, to appear for that person's deposition[.]" Fed. R. Civ. P. 30(d)(1)(A)(i) (emphasis added).

Here, Plaintiff did not serve Defendants with proper notice to appear for their

---

[5]  In their response brief, Defendants request that the Court deny Plaintiff's motion, and among things, award attorneys' fees and costs for the time defense counsel spent responding to the motion. (ECF No. 34 at 5.) Based upon the undersigned's finding that the parties both failed to discharge their duty to confer in good faith under Local Rule 37.1(b), the request for relief set forth in Defendants' response brief (ECF No. 34) is **DENIED**.

depositions, and therefore sanctions are not warranted. The Federal Rules of Civil Procedure impose formal requirements upon "[a] party who wants to depose a person by oral questions;" specifically, the party seeking the deposition "must give reasonable written notice to every other party," and this written notice first "must state the time and place of the deposition," and second, provide either "if known, the deponent's name and address," or "if unknown, a general description sufficient to identify the person or the particular class or group to which the person belongs." Fed. R. Civ. P. 30(b)(1).

Plaintiff's communication, through his secretary, to defense counsel did not meet these "reasonable written notice" requirements to demonstrate that Defendants received proper notice of their Defendants' deposition. Plaintiff claims in his motion that he provided notice of the deposition as follows:

> Scheduled Deposition was for January 10th at 10am at 305 ½ 4th St Parkersburg W.v. 26101. Set by the Plaintiff's with the Defendants Secretary. Mrs. Dingess was informed of the time and address above for the Defendants required Deposition which was requested with the court under Deposition Duces Tecum, in which the Defendants, Failed to Appear.

(ECF No. 32 at 2.) While the full meaning of these fragmented statements is difficult to put together, Plaintiff appears to argue that he properly noticed Defendants' deposition for January 10, 2022, because his secretary confirmed the proposed date and time with a staff member of Defendants' counsel. *See id.* However, it is not clear from this description in Plaintiff's motion, or in any of Plaintiff's supporting documents, whether Plaintiff or his secretary provided this information in writing as required. (*See* ECF Nos. 32 at 2, 32-1 at 2.)

Even if this information had been provided in writing, it was not "reasonable" because it did not sufficiently identify the deponent or deponents from whom Plaintiff sought testimony. As discussed in note 1 above, it appears that Plaintiff conceived of a

single deposition of a representative designated to testify on behalf of all the Defendants pursuant to Rule 30(b)(6). (ECF No. 32 at 1-2 (citing Fed. R. Civ. P. 30(b)(6)).) As each of the named Defendants are individuals, however, Rule 30(b)(6) does not apply. If Plaintiff intended something different, he did not reasonably communicate his request.

Finally, the drastic sanction of default judgment is unwarranted under the circumstances. Plaintiff is incorrect in his assertion that Defendants "disobey[ed] a court order to seek discovery." (ECF No. 32 at 4.) To the contrary, the Court has not entered any order pertaining to discovery aside from its case schedule, which is not relevant to the issues at hand. (ECF No. 25.) Nor is Plaintiff correct that "the Defendants required Deposition . . . was requested with the court under Deposition Duces Tecum." (ECF No. 32 at 2.) Plaintiff appears to be using legal jargon out of context; regardless, the record is devoid of any indication that Plaintiff's deposition of the Defendants "was requested" by making any filing with the Court, and no Court order "required" any deposition of the Defendants.

In sum, Plaintiff's unclear communication leading up to January 10, 2022, fell fundamentally short of his burden to serve Defendants with proper notice; accordingly, Defendants' failure to appear for a deposition on that date does not fall within the scope of sanctionable conduct under Rule 30(d)(1)(A)(i) of the Federal Rules of Civil Procedure, and Plaintiff's request for an order of default judgment against the Defendants as a discovery sanction is improper. Accordingly, the undersigned respectfully recommends that Plaintiff's *Motion for Entry of Default against the Defendants* on this basis (ECF No. 32) be **DENIED**.

### b. <u>Entry of Default Pursuant to Rule 55(a)</u>

For much the same reasons, Plaintiff has not demonstrated that Defendants'

failure to appear at the deposition on January 10, 2022, entitles him to entry of default under Rule 55(a) of the Federal Rules of Civil Procedure.  Plaintiff argues in his motion that "Defendants [*sic*] default" should be entered "under Rule 55(a) because it [*sic*] has show[n] abandonment of this lawsuit." (ECF No. 32 at 1.) In support of this claim, Plaintiff argues that "[t]he defendants [*sic*] lack of failing to defend the[ir] affirmative defense" by their "[f]ailure to attend the defendant [*sic*] own deposition . . . would be grounds for default under Rule 55(a) and show the same abandonment when the court had to direct the defendants to answer the complaint after the time to answer." *Id.* (citing ECF No. 22.) Based on Defendants' failure to appear for a deposition on January 10, 2022, as well as their initial failure to respond to the Complaint until prompted by the Court, Plaintiff concludes that "[t]his is twice the Defendants have show[n] the[ir] failure to comply with the [C]ourt[']s order to designate a person to appear and answer questions on the association's behalf."[6] (ECF No. 32 at 1.)

Rule 55(a) of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party seeking entry of default has the burden to demonstrate, "by affidavit or otherwise," that a defendant "has failed to plead or otherwise defend" within the scope of this Rule. *Id.* This is a high bar to meet. As this Court previously noted, "the Fifth and the Eleventh Circuits have held that where a defendant has answered the complaint the defendant cannot be said to have failed to 'otherwise defend' and default cannot be entered based on Rule 55."

---

[6] Plaintiff is incorrect in stating that the Court ordered Defendants to "designate a person to appear and answer questions on the association's behalf." (ECF No. 32 at 1.) Nor would the Court do so; as set forth above, as Plaintiff's claims in this lawsuit are solely made against people in their individual capacities, they are not an "association" and the Rules do not provide for designation of a person to answer on behalf of an individual.

23

*Scruggs v. Anderson*, 3:13-CV-30435, 2016 WL 11409604, at *1 n.1 (S.D. W. Va. Dec. 2, 2016) (citations omitted). While answering the complaint, without more, is not dispositive in the Fourth Circuit, a defendant merely needs to "indicate an intent" to defend the action. *Id.* at *1 (citing *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding entry of default proper where, after the defendants answered the complaint, they failed to participate in or defend the action)). As this Court explained in the *Scruggs* case, therefore, where the defendant "continually failed to respond to Plaintiffs' motions, failed to appear as ordered at conferences and hearings, and failed to comply with Court orders requiring an explanation," he "unequivocally indicated that he no longer wishe[d] to participate" in the litigation, this Court found entry of default appropriate. *Id.*

Similarly, this Court in *Scruggs* cited to another opinion by the Second Circuit where it held that a district court's entry of default based on Rule 55(a) was proper due to the defendant's failure to "otherwise defend." *Id.* (citing *Au Bon Pain Corp v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). While the court in that case listed the defendant's failure to appear for a deposition as an example of the defendant's failure to "otherwise defend," it was not this single act standing alone that justified entry of default. *Au Bon Pain*, 653 F.2d at 65. Putting that defendant's failure to appear for the deposition into context of the overall case, the court in *Au Bon Pain* explained that defendant's non-appearance was part of a larger pattern of the defendant's "obstructionist litigation tactics" in that case, including "giving vague and unresponsive answers to interrogatories, and failing to appear for trial." *Id.*

Unlike the defendants in *Scruggs* and *Au Bon Pain*, here the Defendants have not "unequivocal[ly] indicated" they no longer wish to participate in this case. *Scruggs*, 2016

24

WL 11409604, at *1. First, Plaintiff has not shown that any of the Defendants "failed to plead" under the plain language of Rule 55(a). *See* Fed. R. Civ. P. 55(a) (providing that the party's default must be entered when a defendant "has failed to plead"). To the extent Plaintiff seeks to argue that the filing of Defendants' Answer on September 14, 2021, was untimely, Plaintiff is correct that Defendants did not file a timely answer initially; however, the Court acting *sua sponte* subsequently extended this deadline to September 14, 2021; consequently, Defendants' filing of their Answer on that date was timely. (ECF Nos. 22, 24, 33.)

Nor has Plaintiff shown that Defendants' failure to appear for a deposition on January 10, 2022 constituted a failure to "otherwise defend" under Rule 55(a). *See* Fed. R. Civ. P. 55(a) (providing that the party's default must be entered when a defendant "has failed to . . . otherwise defend"). To the contrary, the record shows that, in addition to filing their Answer to Plaintiff's Complaint, Defendants have actively litigated this matter; they filed a motion to dismiss, filed a Notice of Deposition and reached out to Plaintiff in order to obtain an agreed date and time to move forward, responded to Plaintiffs' motions, and filed a motion for summary judgment. Defendants have not missed any further Court-imposed deadlines, and have not disobeyed any orders entered by the Court. This course of conduct directly contrasts the actions of the *Scruggs* defendant, who failed to respond to any of the plaintiffs' motions and ignored court orders without providing an explanation. *Scruggs*, 2016 WL 11409604, at *1. Similarly, unlike the defendant in the *Au Bon Pain* case, whose failure to appear for a deposition was part of a larger course of improper conduct and obstructionist litigation tactics, Defendants' failure to appear for the deposition in this case was caused by the parties' equally-inadequate communication with one another rather than an unequivocal indication by the

Defendants that they no longer wish to participate in the litigation. *See id.*; *Au Bon Pain*, 653 F.2d at 65. In sum, given Defendants' active litigation of this matter, Plaintiff has not met his burden to show, "by affidavit or otherwise," that Defendants have "failed to plead or otherwise defend" in this matter, and entry of Defendants' default is improper under the circumstances. Fed. R. Civ. P. 55(a). Accordingly, in light of the foregoing, the undersigned respectfully recommends that Plaintiff's *Motion for Entry of Default against the Defendants* (ECF No. 32) be **DENIED**.

## IV.    The Parties' Motions for Summary Judgment

Finally, the Court turns to the *Motion for Summary Judgment* filed by the Defendants, as well as the *Counter Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* filed by Plaintiff (collectively, the parties' "dispositive motions"). (ECF Nos. 37, 39.) Because the parties share the same burden when they have each filed motions for summary judgment, the Court takes up the parties' motions together and proceeds claim-by-claim. *See Parsons v. Bd. of Trustees of Boilermaker-Blacksmith Nat'l Pension Tr.*, 487 F. Supp. 3d 489, 494 (S.D.W. Va. 2020), *appeal dismissed sub nom.*, 2021 WL 1561549 (4th Cir. Jan. 21, 2021).

### a.   Legal Standard

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. A motion for summary judgment is generally filed before a case proceeds to trial, and allows the party filing the motion (the "moving party") to ask the Court to make a ruling regarding the legal sufficiency of the evidence on a claim (also called a "cause of action"). If there is more than one claim in a case, the moving party can seek summary judgment as to one, several, or even all of the legal claims. Fed. R. Civ. P. 56(a) ("A party

may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought.").

A motion for summary judgment can be used by the party who brought the claim to "show," or in other words, point out to the district court, that he or she is legally entitled to prevail without needing to go to trial, because each essential element of the claim that he or she must prove at trial is undisputed, and there is no genuine, material factual question for the factfinder (generally meaning the jury) to decide; alternatively, a motion for summary judgment can be used by the party defending against a claim to show that the evidence is legally insufficient to take to trial and the claim should be dismissed because there is no genuine, material factual question for the factfinder to decide on an essential element of the opposing party's claim. *See id.* ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine [and material] factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

The U.S. Supreme Court defined "material" facts as those which are "necessary to establish the elements of a party's cause of action." *Anderson*, 477 U.S. at 248. *See also Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (explaining that a fact is material "when it might affect the outcome of the suit under the governing law").

Likewise, the Supreme Court explained that a "genuine" dispute of material fact exists if, "in viewing the [evidence on the] record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 248; *see also FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013) ("A 'genuine issue' concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor"). In other words, "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

The moving party has the initial burden to show "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 322-23. Next, if the moving party makes this showing, then the burden shifts to the non-moving party (the party opposing the motion) to "set forth specific facts, admissible in evidence, that demonstrate the existence of a genuine issue of material fact for trial." *Celotex*, 477 U.S. at 322-23; *Guessous*, 828 F.3d at 216.

The non-moving party fails to meet this burden if he or she offers nothing more than the "mere existence of a scintilla of evidence," or in other words, a mere crumb, spect, or hint of evidence. *See Liberty Lobby*, 477 U.S. at 252. Nor is it sufficient for the non-moving party to rely solely on the allegations or denials made in his or her pleadings; likewise, conclusory allegations, mere speculation, or the building of one inference upon another—without more—are "insufficient to preclude the granting of a summary judgment motion." *Liberty Lobby*, 477 U.S. at 248; *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987); *Parsons v. Bd. of Trustees of Boilermaker-Blacksmith Nat'l Pension Tr.*, 487 F. Supp. 3d 489, 494 (S.D.W. Va. 2020), *appeal dismissed sub nom.*, 2021 WL 1561549 (4th Cir. Jan. 21, 2021).

Instead, the non-moving party must offer "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Liberty Lobby*, 477 U.S. at 256. Such evidence may include "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). However, if facts that the moving party established are left uncontested by the non-moving party, the Court must nonetheless examine the merits of the moving party's arguments and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law. *Lovejoy v. Saldanha*, 838 F. Supp. 1120, 1121 n.1 (S.D. W. Va. 1993); *Bridgestone Americas Tire Operations, LLC v. Pristine Clean Energy, LLC*, No. 1:21-cv-14, 2021 WL 4822489, at *2 (N.D.W. Va. Oct. 15, 2021).

When examining the evidence on the record, the Court must not resolve disputes of material fact, weigh the evidence, or make determinations of credibility. *Patterson v. Yeager*, 12-CV-01964, 2016 WL 589881, at *5 (S.D.W. Va. Feb. 11, 2016), *aff'd*, 691 F. App'x 712 (4th Cir. 2017), *aff'd*, 691 F. App'x 712 (4th Cir. 2017) (citations omitted). "Instead, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor." *Patterson*, 2016 WL 589881, at *5 (citation omitted). Pursuant to this framework, "a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find for the non-moving party," and "[c]onversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party." *Patterson*, 2016 WL 589881, at *5 (citation omitted).

Where, as here, the Court is presented with motions for summary judgment from both parties, this same standard applies; the Court reviews each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law, resolving factual disputes and drawing inferences for the non-moving party as to each motion. *Parsons*, 487 F. Supp. 3d 494 (citations omitted).

### b. Qualified Immunity

Defendants assert that they are entitled to summary judgment on all of Plaintiff's remaining claims because they are immune from suit under the doctrine of qualified immunity. Defendants are entitled to qualified immunity unless their actions violated clearly established law and relevant facts make out a Fourth Amendment constitutional violation by a defendant. *Saucier v. Katz*, 533 U.S. 194, 121 (2001); *Pearson v. Callahan*, 555 U.S. 223, 129 (2009).

As to Plaintiff's first and second causes of action, on August 6, 2020, the date Defendants McClung, Winans, and Winters searched Plaintiff's parking area, and on August 10, 2020, the date Eichhorn searched Plaintiff's parking area, it was clearly established that a code enforcement official cannot conduct a warrantless search of private commercial property over which an individual has a reasonable expectation of privacy. As set forth in Section IV.c -d. below, because there is a genuine issue of material fact as to whether Plaintiff had a reasonable expectation of privacy over the property, Defendants McClung, Winans, and Winters are not entitled to qualified immunity as to Plaintiff's first and second causes of action.

Finally, on August 10, 2020, the date that Eichhorn effected Plaintiff's arrest, it was clearly established that he was required to have probable cause to believe an offense was committed. (*See* ECF No. 16.) As set forth in Section IV.e., below, because there is a

genuine issue of material fact as to whether Eichhorn had probable cause to effect Plaintiff's warrantless arrest, Eichhorn is not entitled to qualified immunity as to Plaintiff's third cause of action.

### c. Search by Defendants McClung, Winans, and Winters on August 6, 2020

Plaintiff's first claim alleges that on August 6, 2020, Defendants McClung, Winans, and Winters, who are municipal code enforcement officials for the City of Parkersburg, West Virginia (the "City"), arrived at Plaintiff's business "over a Parking complaint" and subsequently entered onto the gated, fenced parking lot for Plaintiff's vehicle-repair shop and looked around, without Plaintiff's consent and without having a warrant to do so. (ECF Nos. 1 at 5-6, 16 at 7-10.) Plaintiff asserts that Defendants are liable pursuant to 42 U.S.C. § 1983 because their alleged conduct constituted an unreasonable search in violation of his Fourth Amendment rights. (*See* ECF Nos. 1, 16.)

In this case, the "essential element" Plaintiff must prove to prevail under 42 U.S.C. § 1983 at trial is that Defendants McClung, Winans, and Winters conducted a search in a manner that deprived him of his right under the Fourth Amendment to the United States Constitution to be secure against unreasonable searches. *See* U.S. Const. amend IV; 42 U.S.C. § 1983; *Smith v. Travelpiece*, 31 F.4th 878, 885 (4th Cir. 2022). Therefore, the parties' dispositive motions on this claim each boil down to a single issue: whether the August 6, 2020 search conducted by Defendants McClung, Winans, and Winters of the lots located at 815 and 816 15th Street in Parkersburg, West Virginia, was reasonable under the circumstances.[7] *Florida v. Jimeno*, 500 U.S. 248, 250 (1991).

---

[7] Defendants concede that on August 6, 2020, they entered both lots and investigated for potential violations of Parkersburg City Code. (ECF No. 37-4 at 2-3.)

To prevail on his motion for summary judgment, Plaintiff has the burden to establish that these Defendants' search was not reasonable under the circumstances, such that there is no genuine issue of material fact and Plaintiff is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *Jimenco*, 500 U.S. at 250. On the other hand, to prevail on their motion for summary judgment, Defendants have the burden to show "an absence of evidence" to create a genuine issue of material fact as to whether Defendants' search was unreasonable, such that Defendants are entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 325.

The Fourth Amendment's protection from unreasonable searches extends to searches of commercial premises and includes both traditional searches conducted by police to gather evidence for criminal prosecution as well as administrative searches conducted in order to enforce regulatory statutes. *Gold v. Joyce*, 2:21-CV-00150, 2021 WL 2593804, at *4 (S.D.W. Va. June 24, 2021) (citing *See v. City of Seattle*, 387 U.S. 541, 543 (1967); *Camara v. Mun. Ct. of City & Cty. Of San Francisco*, 387 U.S. 523, 528-29 (1967)). As this Court recently explained, an administrative search of private commercial property to enforce regulatory statutes without consent is generally unreasonable unless authorized by a valid search warrant. *Gold*, 2021 WL 2593804, at *4 (citing *Camara*, 387 U.S. at 528-29). Nonetheless, "reasonableness is still the ultimate standard." *Gold*, 2021 WL 2593804, at *4 (citing *Camara*, 387 U.S. at 539.) *See also Patel v. City of Montclair*, 798 F.3d 895, 899 (9th Cir. 2015) (explaining that the *See* and *Camara* cases "did not establish the broad principle that . . . any unauthorized entry onto private property constitutes a search"). In this context, the reasonableness of a search "hinges on . . . an individual's reasonable expectation of privacy." *Archer v. Gipson*, 108 F. Supp. 3d 895, 909 (E.D. Cal. 2015) (citing *United States v. Jacobsen,* 466 U.S. 109, 113 (1984) ("A

'search' occurs when the government intrudes upon an expectation of privacy that society is prepared to consider reasonable.")).

Here, the evidence submitted by the parties reflects a genuine dispute of material fact as to whether Plaintiff had a reasonable expectation of privacy with respect to both Lot 815 and Lot 816. As to Lot 816, which Plaintiff owns, there is conflicting evidence regarding whether this property was "open to the public" such that Plaintiff would not have had a reasonable expectation of privacy. *Patel*, 798 F.3d at 898 (9th Cir. 2015) (citing *Camara*, 387 U.S. 523)). *See also United States v. Jones*, 565 U.S. 400, 411, 132 S. Ct. 945, 953, 181 L. Ed. 2d 911 (2012). *See also Marshall v. Barlow's, Inc.*, 436 U.S. 307, 315, 98 S. Ct. 1816, 1822, 56 L. Ed. 2d 305 (1978) ("What is observable by the public is observable, without a warrant, by the Government inspector as well."). Defendants submitted testimony to the effect that the property was publicly observable; Defendant McClung attested that upon their arrival on the day of the search, the Defendants were able to see vehicles in the lot located at 816 15th Street ("Lot 816") that were not in working order or lacked proper tags or licenses, in violation of applicable city code. (ECF No. 37-4 at 2.) Defendants also submitted evidence that Lot 816 was open to the public; Defendant McClung attested that Lot 816 "is not completely enclosed by fencing" and that "[t]here are gaps easily accessible by the public, which is how we entered the lot." *Id*. at 2. Plaintiff's own account is that the property is completely fenced and protected from observation by passersby—directly disputing McClung's testimony.

Because there is a genuine issue of material fact as to Lot 816, Plaintiff does not need to establish reasonableness as to the separate search of Lot 815 in order to proceed on his Fourth Amendment claim. Even if Plaintiff were required to do so, however, there is conflicting evidence regarding the ownership of the property and consequently whether

Plaintiff had a reasonable expectation of privacy in this location. McClung attested that the owner of the lot located at 815 15th Street ("Lot 815") is an individual named Gary Traugh, and that Mr. Traugh gave Defendants permission to enter Lot 815 and search the premises. (ECF No. 37-4 at 3.) McClung further attested that he telephoned Mr. Traugh prior to entering Lot 815, and was informed by Traugh "that he and Mr. Meeks discussed the latter renting the lot" but that "[t]here was no agreement, and, according to Mr. Traugh, Mr. Meeks never paid rent." *Id.* In response, Plaintiff submitted a copy of a text message communication from an individual listed as Gary Traugh. July 20, 2020, Traugh states "Byron, you guys owe June & July rent." (ECF No. 39-1 at 15.) Additionally, the submission reflects an August 21, 2020 communication between Traugh and Plaintiff; the former requests that Plaintiff "pay up the rent on the lot," to which Plaintiff responds "I'll give you the cash." (ECF No. 39-1 at 17.)

### d.  <u>Search by Defendant Eichhorn on August 10, 2020</u>

Plaintiff next pursues a legal claim against Eichhorn in his individual capacity under 42 U.S.C. § 1983 asserting that on August 10, 2020, Defendant Eichhorn conducted an unreasonable search when he entered Plaintiff's "off road Parking for his customers['] vehicles" without being "granted access" or "hav[ing] a search warrant" and inspected a vehicle "that was not even visible from [where he] had Parked." (ECF No. 16 at 13 (citing ECF No. 1 at 5-6).) In opposition to Plaintiff's own account, Eichhorn attested that when he approached Lot 816, he was able to observe a vehicle that matched the description of the vehicle that was alleged to be stolen. (ECF No. 37-5 at 3, 4.) Eichhorn attested that "the property in question . . . was generally open to the public" as it "is not gated or otherwise closed to the public." (ECF No. 37-5 at 4.) Based upon this conflicting evidence,

for the same reasons set forth above in the Court's discussion of Plaintiff's first claim, neither party met their burden to show that there is no genuine issue of material fact entitling the movant to judgment as a matter of law pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

Accordingly, the undersigned respectfully **RECOMMENDS** that the Defendants' *Motion for Summary Judgment* (ECF No. 37) as well as Plaintiff's *Counter Motion for Summary Judgment and Opposition to Defendants' Motion for Summary Judgment* (ECF No. 39) be **DENIED**.

### e.  Seizure by Defendant Eichhorn on August 10, 2020

Plaintiff's third and final claim asserts that on August 10, 2020, Defendant Eichhorn conducted an unreasonable seizure by arresting Plaintiff without obtaining a warrant for the offense of receiving a stolen vehicle, when Plaintiff allegedly had provided Eichhorn with evidence that the vehicle was not stolen and Eichhorn had no contrary evidence showing that it was stolen. (ECF Nos. 1 at 5-6, 16 at 14.) Based upon these allegations Plaintiff pursues a legal claim against Eichhorn in his individual capacity under 42 U.S.C. § 1983 on the grounds that Eichhorn arrested Plaintiff without probable cause and thereby deprived Plaintiff of his Fourth-Amendment right to be secure against unreasonable seizures. (ECF No. 16 at 14.)

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996).   Stated another way, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."  *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "'Probable cause' to

justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person,  or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."   United States v. Gray, 137 F.3d 765, 769 (4th Cir. 1998) (en banc) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)).

Here, the evidence submitted by the parties reflects a genuine dispute of material fact as to whether Eichhorn had probable cause to arrest Plaintiff. Eichhorn attested that he "had probable cause to effect [Plaintiff's] arrest," stemming from his location of the vehicle on Plaintiff's property, which led him to obtain the VIN number from the NCIC database and to question Plaintiff regarding his ownership of the vehicle. (ECF No. 37-5 at 4.) Thus, the factors giving rise to Eichhorn's showing of probable cause hinge upon the reasonableness of his search of Lot 816. Therefore, for the same reasons set forth above in the Court's discussion of Plaintiff's first and second claims, neither party met their burden to show that there is no genuine issue of material fact entitling the movant to judgment as a matter of law pursuant to Rule 56(a) of the Federal Rules of Civil Procedure.

## V.    RECOMMENDATION

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's *Motion to Strike Answer* (ECF No. 27) be **GRANTED IN PART AND DENIED IN PART** and the Court enter an order striking the first, second, sixth, seventh, eighth, ninth, tenth, and eleventh affirmative defenses from Defendants' Answer to Plaintiff's Complaint; Plaintiff's *Motion for Entry of Default* (ECF No. 32) be **DENIED**; Plaintiff's *Counter Motion for Summary Judgment* (ECF No. 39) be **DENIED**; and Defendants' *Motion for Summary Judgment* (ECF No. 37) be **DENIED**.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Johnston.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals. 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTER:        August 30, 2022

Dwane L. Tinsley
United States Magistrate Judge